CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 24 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JIMMIE FRANK ANDERS, MARTIN LEE ANDERS, and RUTH A. ANDERS, <br><br> Plaintiffs <br><br> v. <br><br> JONATHAN R. BEEGLE, DANA BEEGLE, and BEEGLE LANDSCAPING & LAWN CARE, L.L.C. <br><br> Defendants. | Civil Action No. 7:05CV00669 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Glen E. Conrad <br> United States District Judge |

This cause of action was removed to this court from the Circuit Court of Floyd County. The matter is now before the court on the plaintiffs' motion to remand Counts I, II, and III of the Motion for Judgment to the Circuit Court of Floyd County. Pursuant to 28 U.S.C. § 1441(c), the court has discretion to remand all matters in which state law predominates where a separate and independent claim within the jurisdiction conferred by 28 U.S.C. § 1331 is joined with otherwise non-removable claims. The court recognizes that it may exercise supplemental jurisdiction over all non-federal claims that form part of the same case or controversy, pursuant to 28 U.S.C. § 1367(a). However, the exercise of such jurisdiction requires a common nucleus of operative fact which is not present here. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). Thus, the court declines to exercise its power under 28 U.S.C. § 1367(a).

Counts I, II, and III are state law claims for slander, tortious interference with contractual relationships, and conspiracy to injure the plaintiffs in their business and trade, respectively. These claims are separate and independent from the claim in Count IV for violation of the Fair Labor Standards Act. Count IV alleges that the defendants failed to pay the plaintiffs overtime pay as

required by federal law. 29 U.S.C. § 201, *et seq.*; see Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 14 (1951) ("[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).").

The allegation regarding unpaid overtime pay does not arise from the series of transactions out of which the slander, tortious interference, and conspiracy claims arose. *Cf.* Brooks v. Maersk Line, Ltd., 396 F. Supp. 2d 711, 715 (E.D. Va. 2005) (finding that "allegations of negligence, unseaworthiness, failure to provide a safe place to work, and employment discrimination all arise out of an interlocked series of transactions"). In this case, the allegations contained in Counts I, II, and III all pertain to events which arose after the conclusion of plaintiffs' employment with the defendants. The allegations regarding overtime pay arise from events that occurred during the period of employment. Thus, the court finds that the allegations of Counts I, II, and III are separate and independent of those contained in Count IV, and that Counts I, II, and III are matters in which state law predominates. The court therefore exercises its discretion under 28 U.S.C. § 1441(c) to remand those matters to the appropriate state court.

DATED this 3rd day of January, 2006.

*[signature]*

United States District Court Judge

2